RAÚL R. LABRADOR
ATTORNEY GENERAL
STATE OF IDAHO

Joan E. Callahan      [ISB No. 9241]
SPECIAL DEPUTY ATTORNEY GENERAL
Reid K. Peterson      [ISB No. 10091]
NAYLOR & HALES, P.C.
Attorneys at Law
950 W. Bannock Street, Ste. 610
Boise, ID 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email: joan@naylorhales.com; reid@naylorhales.com

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JANE DOE, an individual; KELLY DOE, an individual; JOHN DOE, an individual; and DOES I-X,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNIVERSITY OF IDAHO,<br><br>Defendant. | Case No: 1:23-cv-00409-AKB<br><br>**DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO PROCEED ANONYMOUSLY (Dkt. 6)** |

Defendant, University of Idaho, by and through their attorneys of record, Naylor & Hales, P.C., submit this memorandum in support of their opposition to Plaintiffs' Motion for Leave to Proceed Anonymously (Dkt. 6.). For the following reasons, this Court should deny the Plaintiffs' motion and allow this action to proceed in the normal, open fashion and in the names of the parties in interest pursuant to Federal Rules of Civil Procedure 10(a) and 17(a).

**DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO PROCEED
ANONYMOUSLY (Dkt. 6) - 1.**

## I.   INTRODUCTION

Plaintiffs primarily bring federal claims generally alleging discrimination, harassment, and retaliation based on their race and sexual orientation, and a failure to accommodate claim and a hostile learning environment claims based on their asserted disabilities. Plaintiffs also pleaded two state law contract-based claims, one for breach of contract and the second for unjust enrichment.

Plaintiffs are three current or former students at the University of Idaho College of Law ("U of I"). The factual basis of the claims brought by Plaintiffs in this suit relate to a set of circumstances that have been publicized by some of them, litigated, in part, by others, and where many of the allegations took place in a public forum and in front of others.

## II.   LEGAL STANDARDS

Federal Rules of Civil Procedure 10(a) and 17(a) require that Plaintiffs bring their suit in their real names. The use of "Doe" status "runs afoul of the public's common law right of access to judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). It is only in unusual circumstances a Court may allow a plaintiff to use a pseudonym and proceed anonymously when there is a necessity to protect the plaintiff from "harassment, injury, ridicule or personal embarrassment." *Id*. In cases involving a governmental entity, there is an even greater public interest in disclosing party identities. *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014); *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); *Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011). Only an "exceptional case" can meet "the high bar for proceeding under a pseudonym." *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015).

**DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO PROCEED ANONYMOUSLY (Dkt. 6) - 2.**

### III.   ARGUMENT

The Court must balance the plaintiff's desire for anonymity against "the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068. Exceptional cases allowing for pseudonymity is a balancing test based on the following factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Blackfoot Sch. Dist. #55*, No. 4:12-CV-589 BLW, 2014 WL 806454, at *2 (D. Idaho Feb. 28, 2014) (citing *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate,* 596 F.3d 1036, 1042 (9th Cir.2010)).

None of these factors outweigh the requirements of Rules 10(a) and 17(a) and the presumption of public proceedings in this case. The Plaintiffs' identities and sexual orientation are already publicized and known within the community, the Plaintiffs are either no longer students at U of I or no longer interact with the community, the Plaintiffs have other remedies for retaliation available to them, and a protective order can shield sensitive medical information.

### A.   Anonymity is unwarranted where the facts, identities, and sexual orientation of the Plaintiffs are already known within the community.

At the most basic level, pseudonyms, when allowed, are used to prevent disclosure of a plaintiff's identity to the public. Thus, there is no cause to use a pseudonym when the plaintiff's identity is already publicly known. Further, "when a plaintiff publicly accuses a defendant of serious violations of federal law, '[b]asic fairness dictates that those among the defendants' accusers who wish to participate in the suit as individual party plaintiffs must do so under their real names.'" *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). Where plaintiffs voluntarily disclose the circumstances and make serious

**DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO PROCEED ANONYMOUSLY (Dkt. 6) - 3.**

charges against a defendant, the plaintiffs must proceed under their own names and be prepared to stand behind the charges publicly. *Doe v. Wal-Mart Stores, Inc.*, No. 3:96CV1789 (AHN), 1997 WL 114700, at *1 (D. Conn. Feb. 25, 1997) (citing *S. Methodist Univ. Ass'n*, 599 F.2d at 712–13; *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)).

### a. Jane and Kelly have publicized their names mooting the need for anonymity.

Plaintiffs request to proceed anonymously in these judicial proceedings contrary to the presumption that our judicial system is open and transparent to the public. Further, they seek to restrict the Defendant from using their names in these proceedings asserting that anonymity is a necessity and fearing retaliation from the community. However, Jane Doe and Kelly Doe have chosen to publicize their identities in direct connection to the facts of this case.

Jane Doe and Kelly Doe publicly participated as the focal point of an article titled "Univ of Idaho law students allege professor & Christian students make them fear for their lives." (Exhibit A to Defendant's Response.) This article was published in the national online news magazine *LGBTQ Nation* and is readily and publicly accessible on the internet. *Id*. The very first line of the article uses their real names and states "[Jane Doe] a student at the University of Idaho College of Law (U of I), and her classmate, [Kelly Doe], are speaking out against anti-LGBTQ harassment allegedly committed by student members of the Christian Legal Society (CLS) at an on-campus LGBTQ community event." It is evident that Jane Doe and Kelly Doe freely and voluntarily participated in the interviews for the article, are quoted extensively, and describe in detail the facts alleged in the Complaint in this lawsuit.[1]

---

[1] The article further discussed them in relation to the previously settled lawsuit that was brought in this court by some of the individuals accused by Plaintiffs in engaging in wrongful conduct

**DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO PROCEED ANONYMOUSLY (Dkt. 6) - 4.**

Thus, Jane Doe's and Kelly Doe's requests to proceed anonymously in this judicial proceeding is directly at odds with their actions in "speaking out" under their own names in public and on the internet. Any anonymity has already been lost by their own voluntary actions. There is no justification to proceed anonymously in the courts when they proceed publicly in other public venues.

### b. Plaintiffs are already known or perceived to be LGBTQIA+.

Kelly Doe and John Doe also assert that using their names would out them publicly as LGBTQIA+. (Dkt. 6-1 at 8.) However, they also admit in the Complaint that they were members of OUTLaw at U of I and "[b]ecause of their involvement in OUTLaw, other law students were aware that Jane, Kelly, and John are part of the LGBTQIA+ community." (Dkt. 1, p. 7, ¶ 18.) Additionally, John states that his sexual orientation became widely known at U of I. (Dkt. 1, p. 24, ¶ 78.) While it is unfortunate the dissemination of this information was not his choice, proceeding anonymously now would not change the fact that the community knows his sexual orientation. Moreover, Kelly Doe participated in her full name in the *LGBTQ Nation* article further publicizing her membership or alignment with the LGBTQIA+ community. Accordingly, the Plaintiffs are already known to be or perceived be LGBTQIA+. Pseudonymity will not "out" what is already known.

### B. Fear of harm and retaliation arising from having to proceed under Plaintiffs' real names does not outweigh the presumption under FRCP 10(a) and 17(a).

Plaintiffs have not shown that proceeding pseudonymously will prevent any of the prospective harm they allege. Critically, for a plaintiff to proceed under a pseudonym, he or she

---

against them in their Complaint. See *Perlot v. Green*, 609 F. Supp. 1106 (D. Idaho 2022).

**DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO PROCEED ANONYMOUSLY (Dkt. 6) - 5.**

must show that the alleged harms stem from pursuing litigation in their own names rather than from the underlying incidents giving rise to the litigation. *A.N. v. Landry*, 338 F.R.D. 347, 356 (M.D. La. 2021); *see also Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) (pseudonymity is only appropriate where the plaintiff is "a likely target of retaliation by people who would learn her identity only from a judicial opinion or other court filing." (emphasis added)).

Plaintiffs have not shown how the litigation itself would be the basis of the alleged prospective harm they fear. The alleged incidents that form the bases of the Plaintiffs' claims took place in group settings with multiple witnesses. (*See, e.g.*, Dkt. 1, ¶¶ 47–71; 74–78; 90; 96–111.) But Plaintiffs allege—or at least appear to allege—that these are the same students that would subject them to harassment or retaliation. (Dkt. 6-2, ¶ 14; Dkt. 6-3, ¶¶ 15–16; Dkt. 6-4, ¶ 8.) It is unclear how proceeding pseudonymously here would protect the Plaintiffs from reprisal from the same individuals that were present for the alleged incidents, particularly where those same individuals will be witnesses in this lawsuit. Plaintiffs merely say that this is the case.

The alleged reasons for Plaintiffs proceeding pseudonymously are similarly without merit. Notably, none of the Plaintiffs are live in the U of I community or attend in person events or classes with any of the individuals alleged to have engaged in misconduct against them. Jane Doe no longer even attends U of I. (Dkt. 1, ¶ 14.) Thus, U of I, its faculty, or students cannot retaliate or pose an active threat to Jane. Her grades and standing cannot be affected and there are no occasions for her to have interactions with the individuals from whom she perceives a threat.

Jane Doe alleges that despite leaving U of I and the state of Idaho she is still fearful of harassment. She asserts fear of "being targeted online, and possibly in person, if her identity becomes public." (Dkt. 6-1, p. 8.) The basis of her fears is related to being served a subpoena in

**DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO PROCEED ANONYMOUSLY (Dkt. 6) - 6.**

the *Perlot v. Green* lawsuit brought the students and professor that she accuses of mistreat in this matter. (*Id*.) The subpoena was served in "the summer of 2022." *Id*. That that lawsuit was resolved in December 2022, and was highly publicized. But she does not allege any further harassment or targeting since that time, which was nearly a year ago. Jane's fear cannot be considered reasonable.

Kelly Doe does not live in Idaho and only attends classes remotely. (Dkt. 1, ¶ 15.) She does not identify any particularized retaliatory or threatening conduct towards her. Thus, she does not provide any grounds to demonstrate threatened harm, let own the severity, or anything that would show her asserted fears are reasonable.

John Doe also no longer lives in Idaho and will graduate in less than two months. He also attends classes remotely. (Dkt. 1, ¶ 16.) The basis for John's fear of retaliation is that he asserts he was retaliated against in the investigation process when he filed an internal complaint with U of I. (Dkt. 6-1, p. 5.) In a judicial proceeding, parties are prohibited from using the civil process for improper purposes or harassment. *See* F.R.C.P. 26(g)(1). John has the protection of the Court in this regard. Given his physical distance from those he fears, the limited involvement with students and faculty at U of I, and the short amount of time that John has left as a student, his fear of further retaliation if he uses his real name is not reasonable nor is he particularly vulnerable to such retaliation.

Plaintiffs' allegations that having to proceed with their real names will damage their career prospects is similarly meritless. Where the law provides remedies for the alleged prospective retaliation or discrimination, courts are highly reluctant to allow a plaintiff to proceed pseudonymously. *See, e.g., Vega v. HSBC Sec. (USA) Inc.*, No. 16-CV-9424 (JGK) (KNF), 2019 WL 2357581, at *2 (S.D.N.Y. June 4, 2019). In the present case, Plaintiffs allegations of

**DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO PROCEED ANONYMOUSLY (Dkt. 6) - 7.**

prospective harm are all expressly prohibited by federal and state law. Prospective employment discrimination is barred by the ADA, Title VII, and state discrimination laws (Idaho Human Rights Act, Washington Law Against Discrimination, Arizona Civil Rights Act, etc.). Retaliation from U of I for bringing the present suit is prohibited by the First Amendment and Title IX. The independent legal remedies to the alleged prospective harm cuts strongly against allowing Plaintiffs to proceed pseudonymously.

Finally, Plaintiffs seek to remain anonymous in the public eye without affording three highly respected and esteemed professors with the same courtesy. *See Doe v. Freydin*, No. 21 CIV. 8371 (NRB), 2021 WL 4991731, at *3 (S.D.N.Y. Oct. 27, 2021) ("[I]t is not lost on the Court that plaintiff has chosen to inflict upon others the precise harm she now seeks to avoid: 'having her name publicly tied to [defendants'] heinous acts.' Specifically, plaintiff's Complaint needlessly exposes identifying information about numerous non-parties, including defendants' ten-year-old son and his grandmother, another family member, and an ex-colleague, in total disregard of their privacy interests." (internal citations omitted)). While Plaintiffs have attempted to afford some fellow students' anonymity,[2] they have afforded no such benefit to the named professors.

In all, Plaintiffs do not demonstrate that they face a severe threatened harm and that their fears of reprisal by virtue of the lawsuit are reasonable. Also, the Plaintiffs have limited vulnerability to the retaliation that they fear given that none of them in Idaho or attend events or classes in person. Regardless, there are several legal protections and remedies available to them. Ultimately, Plaintiffs cannot meet their burden to show that the three factor of "(1) the severity of

---

[2] While the Complaint does not specifically identify fellow students, the *LGBTQ Nation* article Jane Doe and Kelly Doe participated in does expressly name several of the students they allege participated in the conduct that is the subject of this lawsuit.

**DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO PROCEED ANONYMOUSLY (Dkt. 6) - 8.**

the threatened harm, (2) the reasonableness of the anonymous party's fears, [and] (3) the anonymous party's vulnerability to such retaliation" outweigh the public's interest or the prejudice to the Defendants in their anonymity. *Blackfoot Sch. Dist. #55*, 2014 WL 806454, at *2.

      **C.**      **Plaintiffs' privacy interest in their medical information can be addressed through a Protective Order.**

It is very common in judicial proceedings, and particularly civil litigation, that a plaintiffs' claims or claims for damages will necessarily involve the disclosure of otherwise private medical information. However, if this were the grounds for the use of pseudonyms, then the exception would swallow the rule. It would be a routine case that rather than an unusual case that would proceed without the real name of the plaintiff. Rather, the Federal Rules of Civil Procedure allow for the entry of a protective order to govern and limit the handling and disclosure of that information. In fact, it is a common practice for the parties to stipulate to a protective order in the discovery plans leading up to the initial case management conference.

Regardless, courts have denied requests to proceed anonymously based on a desire to protect a plaintiff's identity from future employers, particularly where such assertion is unsupported or conclusory. *E.g. Doe v. Zuchowski*, No. 2:21-cv-01519-APG-EJY, 2021 WL 4066667, at *2 (D. Nev. Sept. 7, 2021) (rejecting unsupported conclusory statements that disclosure of mental health problems will cause stigmatization or that employment will suffer if the plaintiff's real name is used); *Rives v. SUNY Downstate Coll. of Med.*, No. 20-cv-00621-RPK-SMG, 2020 WL 4481641 * 3 (E.D.N.Y. Aug. 4, 2020), *reconsideration denied, id.*, 2020 WL 7356616 (E.D.N.Y. Dec. 14, 2020) (finding future harm to his career or selection of residency to a medical student was too speculative and unsupported to support pseudonymity). Here, Plaintiffs have not identified anything other than speculative or conclusory assertions that having their names

**DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO PROCEED ANONYMOUSLY (Dkt. 6) - 9.**

on the Complaint could impair their future employment prospects.

In all, the private medical information that Plaintiffs assert a privacy interest in is not unusual in cases that are routinely litigated under plaintiffs' real names that assert claims under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Thus, Plaintiffs' bare assertions do not represent unusual or exceptional circumstances to warrant proceeding with pseudonyms.

### D.    Pseudonyms are prejudicial to Defendant in a witness-intensive case.

Although the Defendant is aware of Plaintiffs' identities and this Court has held that knowledge of a plaintiff's identity indicates lessened prejudice to the defendants, this Court has also held that "the fact that Plaintiff has made a selective disclosure of his identity militates against Plaintiff's request to use a pseudonym." *Blackfoot Sch. Dist.* 2014 WL 806454, at *3. However, it appears that Plaintiffs are advocating to restrict Defendant from disclosing their identities in discovery in this matter. (Dkt. 6-1, p. 12) ("a protective order could "limit[] disclosure of the [Plaintiffs'] name[s] to preserve [their] anonymity to the greatest extent possible without prejudicing [Defendant]'s ability to litigate the case.") The allegations in the Complaint repeatedly identify that the underlying alleged wrongful acts often occurred in group settings and were widespread throughout the law school community. For example, Kelly Doe alleged discriminatory statements made during a presentation at orientation. (Dkt. 1, ¶¶ 49-51.) A core event at issue was the public gatherings during the Moment of Community. (Dkt. 1, ¶¶ 101-109.) Additionally, they identify comments made at a mixer (Dkt. 1, ¶ 71), and during classes (¶ 83 ("Harassment occurred in class, in passing, and at their study carrells.")).

**DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO PROCEED
ANONYMOUSLY (Dkt. 6) - 10.**

Further, the group settings already made Plaintiffs known to the community; thus, pseudonyms would be pointless. Regardless, Defendant will be significantly prejudiced in its ability to conduct an investigation into the allegations in the Complaint and conduct discovery if it cannot disclose Plaintiffs' names. More so, the fact that there are so many witnesses in this matter cuts against pseudonymity. Plaintiffs' names will likely need to be disclosed to potential witnesses and individuals with potentially discoverable information to adequately defend this case.

In sum, allowing Plaintiffs to proceed pseudonymously in this matter or severely restricting the disclosure of their names will significantly prejudice the Defendant. This factor weighs heavily in favor of disclosure.

### IV.     CONCLUSION

For the reasons stated above, no unusual circumstances exist in this case that warrant departing from the rule that Plaintiffs must prosecute their claims in their real names and factors regarding the perceived threats of harm, the lack of their vulnerability to retaliation, and the unreasonableness of their fears simply do not outweigh the public interest and prejudice to the Defendant, particularly where Plaintiffs are already publicly known and associated with this case. Plaintiffs' motion should be denied.

DATED this 27th day of October, 2023.

                                       NAYLOR & HALES, P.C.

                                       By: */s/ Joan E. Callahan*
                                              JOAN E. CALLAHAN, Of the Firm
                                              Attorneys for Defendant

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 27th day of October, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

- Monica Fabbi    mfabbi@ifhcidaho.org
- Alyson A. Foster    alyson@bdfcounsel.com
- Taylor J. Long    tlong@bdfcounsel.com

*Attorneys for Plaintiffs*


       */s/ Joan E. Callahan*
       JOAN E. CALLAHAN

**DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO PROCEED ANONYMOUSLY (Dkt. 6) - 12.**