UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JANE DOE, an individual; KELLY DOE, an individual; JOHN DOE, an individual; and DOES I-X,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE UNIVERSITY OF IDAHO, a public University governed by the BOARD OF REGENTS OF THE UNIVERSITY OF IDAHO aka the STATE BOARD OF EDUCATION, an executive department of the STATE OF IDAHO; C. SCOTT GREEN, President of the University of Idaho, in his official and individual capacities; JOHANNA KALB, Dean of the University of Idaho College of Law, in her official and individual capacities; JACKIE WERNZ, Interim Director of the Office of Civil Rights and Investigations of the University of Idaho, in her official and individual capacities; CORY VOSS, Director of the Center for Disability Access and Resources of the University of Idaho, in her individual and official capacities; RICHARD SEAMON, Professor of the University of Idaho Law School, in his individual and official capacities; JAKE DINGEL, an individual; and DOES 11 through 50,<br><br>　　　　Defendants. | Case No. 1:23-cv-00409-AKB<br><br>MEMORANDUM DECISION AND ORDER |

　　　　Pending before the Court are Plaintiffs' Motion for Leave to Proceed Anonymously and

their Motion to Seal. (Dkts. 6, 7). Having reviewed the record and the parties' submissions, the

Court finds that the facts and legal arguments are adequately presented and that oral argument

**MEMORANDUM DECISION AND ORDER - 1**

would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons set forth below, the Court grants the motions.

## BACKGROUND

On September 15, 2023, Plaintiffs filed a complaint against Defendant University of Idaho. (Dkt. 1). Among other things, Plaintiffs allege the University discriminated against them based on their race, disabilities, and sexual orientation. (*Id.* at ¶¶ 7-8). Without seeking leave to proceed anonymously, Plaintiffs brought their lawsuit under the pseudonyms, "Jane Doe," "Kelly Doe," and "John Doe." (*Id.* at ¶ 6). On September 22, this Court issued an order to show cause why Plaintiffs' complaint should not be dismissed. In response, Plaintiffs filed a motion for leave to proceed anonymously. (Dkt. 6). Relatedly, Plaintiffs also moved to seal the declarations of Jane, Kelly, and John filed in support of their motion to proceed anonymously.[1] (Dkt. 7). The University opposed Plaintiffs' motions. (Dkt. 15).

Thereafter, Plaintiffs filed an amended complaint against the University and numerous additional defendants, again proceeding under pseudonyms. (Dkt. 24). In response, Defendants moved to dismiss Plaintiffs' complaint. (Dkts. 26, 42, 45). The Court granted Defendants' motions to dismiss but also granted Plaintiffs' request to amend its complaint. (Dkt. 53). The Court addresses Plaintiffs' motion to proceed anonymously in the event Plaintiffs file an amended complaint.

---

[1] Plaintiffs filed their declarations under seal but also filed them in the public record with their identities redacted. (*Compare* Dkts. 6-2, 6-3, 6-4 *with* Dkts. 8-1, 8-2, 8-3). In other words, Plaintiffs are seeking only to seal their identities not the contents of their declarations.

**MEMORANDUM DECISION AND ORDER - 2**

## ANALYSIS

Rule 10(a) of the Federal Rules of Civil Procedure provides "the title of the complaint must name all of the parties." Rule 17(a) also provides that "an action must be prosecuted in the name of the real party in interest." "The normal presumption in litigation is that the parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). "This presumption is loosely related to the public's right to open courts and the right of private individuals to confront their accusers." *Id.* (citations omitted).

The Ninth Circuit has identified three situations in which a court may permit a plaintiff to proceed using a pseudonym, including when: (1) identification creates a risk of retaliatory physical or mental harm; (2) anonymity is necessary to preserve privacy in a sensitive and highly personal matter; and (3) disclosure would compel a plaintiff to admit illegal conduct creating a risk of criminal prosecution. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Further, the Ninth Circuit has ruled that in determining whether to allow a party to proceed anonymously over the opposing party's objection, a court must balance five factors, including: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; (4) the prejudice to the opposing party; and (5) the public interest. *Kamehameha Sch.*, 596 F.3d at 1042.

Here, Plaintiffs argue their anonymity is necessary to preserve their privacy in sensitive and highly personal matters and to avoid creating a risk of retaliatory physical or mental harm. (Dkt. 6-1 at pp. 4-12). In support of their concern that the disclosure of their identities will subject them to retaliatory harm, each Plaintiff has filed a declaration articulating his or her concerns. Jane attests that while a student at the University, she experienced, among other things, "repeated and consistent discriminatory treatment" by her fellow students, professors, and administrators because

MEMORANDUM DECISION AND ORDER - 3

of her sexuality; being in an "aggressive 'prayer circle'" where she was "forced" to hold hands with other students who said "gay people are going to hell"; "professors acting negatively" towards her; receiving emails, notes, and messages from various people asking to speak with her and making her "feel targeted and unsafe"; and having a "a process server" in a related lawsuit tell her "he could always find [her]." (Dkt. 6-2 at ¶¶ 4-5, 7, 9, 10, 12).

Similarly, Kelly attests that while a student at the University, she experienced, among other things, "repeated and consistent discriminatory treatment" by her fellow students, professors, and administrators because of her race, disabilities, and sexuality; other students believing she complained about "white people" and spreading false rumors about her, including that she egged another student's vehicle; students "slamming doors in [her] face, ignoring [her], and avoiding working with [her] on class projects"; being treated "coldly" by a professor after she reported he had used "racially offensive language"; being in an "aggressive 'prayer circle'" where she was "forced to hold hands" with other students who said "gay people are going to hell"; "professors acting negatively" towards her; and receiving a "C+" from a professor who "act[ed] negatively" towards her. (Dkt. 6-3 at ¶¶ 3-8, 10).

Finally, John attests that while he was a student at the University, he experienced, among other things, a defendant in this case asking him "what it was like to be a 'faggot'" and physically "charg[ing]" him"; "an unfair and biased investigation" of that incident by the University's Office of Civil Rights & Investigations; "other students" "harassing and intimidating [him] in an attempt to have [him] drop the appeal"; and "worries" that other students will find out he has filed this lawsuit and "will find a way to harass [him]—online while [he is] remote or in person if [he] need[s] to go to Idaho." (Dkt. 6-4 at ¶¶ 4-8).

**MEMORANDUM DECISION AND ORDER - 4**

The Court finds Plaintiffs' fears that they will suffer retaliatory physical or mental harm if their identities are disclosed in this case are not reasonable. *See, e.g.*, *Kamehameha*, 596 F.3d at 1044 ("It is in the particular purview of the district court to view alleged threats in the context and determine what the 'reasonable' person in plaintiffs' situation would fear."). Most of Plaintiffs' complaints are about past conduct which occurred at the law school and which was neither physical nor violent in nature, with the sole exception of John's altercation with another law student. Being the subject of rumors, receiving messages which did not contain threats, being treated coldly or negatively, disagreeing with the results of an investigation, and other similar conduct are not the types of conduct warranting a plaintiff's anonymity in a lawsuit. *See, e.g.*, *id.* at 1038, 1043 (affirming denial of motion to proceed anonymously despite "undoubtedly severe" threats of physical retaliation). Additionally, Plaintiffs have graduated and will not credibly be subjected to the University's environment in the future. Indeed, at least two Plaintiffs no longer live in Idaho. For these reasons, the Court concludes Plaintiffs' concerns of an alleged risk of retaliatory harm are unreasonable and not a basis to allow them to proceed anonymously.

The Court, however, finds Plaintiffs' privacy concerns are reasonable. Each of them attests that they have been diagnosed with mental health issues and are worried about finding employment as an attorney. (Dkts. 6-2 at ¶ 16; 6-3 at ¶¶ 14,17; 6-4 at ¶¶ 15-16). Specifically, they are concerned future employers will not hire them if those employers are aware that Plaintiffs have filed a discrimination lawsuit against the University and numerous others and that Plaintiffs have disabilities. (*Id.*). The Court agrees these are valid concerns given the nature of Plaintiffs' allegations. *See, e.g.*, *Doe v. College of Eastern Idaho*, No. 4:22-cv-00482-DCN, 2023 WL 4138674, at *3 (D. Idaho June 22, 2023) (granting anonymity based, in part, on Doe's concern "future employers would not hire him"). Further, Plaintiffs also attest they have concerns about

**MEMORANDUM DECISION AND ORDER - 5**

the disclosure of their sexual orientation, which courts have recognized as a valid privacy concern. *See id.* (noting homosexuality has been considered "sensitive and highly personal in nature"). Based on Plaintiffs' privacy concerns related to their future employability, their health conditions, and their sexual orientation, the Court concludes Plaintiffs may proceed anonymously.

Nevertheless, Defendants raise numerous valid arguments in opposition to Plaintiffs' motion to proceed anonymously. For example, Defendants argue Plaintiffs' identities and sexual orientations are already known "within the community" based on Plaintiffs' prior conduct. (Dkt. 15 at p. 3). Further, Defendants argue allowing Plaintiffs to proceed anonymously is unfair given the nature of their allegations against Defendants, who are not proceeding anonymously. (*Id.* at 8). Most importantly, Defendants argue Plaintiffs' attempts to avoid further disclosure of their identities by proceeding anonymously will prejudice Defendants by complicating discovery in this case.[2] As Defendants note, many of Plaintiffs' allegations relate to events which "occurred in group settings and were widespread through the law school community," and this case will be "a witness-intensive case." (*Id.* at p. 10).

The Court appreciates Defendants' concerns about Plaintiffs' anonymity unnecessarily complicating this case. For example, Defendants may not feasibly be able to depose witnesses regarding events or conduct about which Plaintiffs complain without disclosing to those witnesses Plaintiffs' identities. Further, the Court recognizes "the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the

---

[2] Defendants are aware of Plaintiffs' true identities because Plaintiffs filed their declarations under seal disclosing their identities and likely because of the specifics of their allegations. For this reason, the prejudice to Defendants is decreased. *See Doe v. College of Eastern Idaho*, No. 4:22-cv-00482-DCN, 2023 WL 4138674, at *3 (D. Idaho June 22, 2023) ("[W]hen the defendant knows the identity of the plaintiff who wishes to use a pseudonym, this decreases the prejudice toward the defendant.").

**MEMORANDUM DECISION AND ORDER - 6**

litigation progresses." *Advanced Textile Corp.*, 214 F.3d at 1069. If this case proceeds beyond the pleading stage, it is unlikely that Plaintiffs will be allowed to maintain complete anonymity during the proceedings. Rather, if the case reaches the discovery phase, Plaintiffs should not expect that the Court will allow them to continue having complete anonymity.

Because the Court allows Plaintiffs to proceed anonymously at this stage of the litigation, it grants Plaintiffs' motion to seal their supporting declarations identifying their true identities. (*See* Dkts. 8-1, 8-2, 8-3) (sealed documents).

## ORDER

1. Plaintiffs' Motion for Leave to Proceed Anonymously (Dkt. 6) is **GRANTED**.

2. Plaintiffs' Motion to Seal (Dkt. 7) is **GRANTED**.

DATED: September 26, 2024

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 7**